Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>JULIO ENRIQUE IRIZARRY PADILLA<br><br>Apelante | TA2026AP00044 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>J VI2024G0020<br>J LA2024G0236<br>J LA2024G0237<br><br>Sobre:<br>Asesinato y Ley de Armas |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y la Juez Barresi Ramos.[1]

*Martínez Cordero, jueza ponente*

## SENTENCIA

En San Juan, Puerto Rico a 30 de junio de 2026.

Comparece Julio Enrique Irizarry Padilla (en adelante, apelante) mediante un recurso de apelación para solicitarnos la revisión de tres (3) sentencias emitidas y notificadas el 10 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce.[2] Mediante las sentencias apeladas, el foro primario declaró culpable al apelante por el delito del Articulo 93 (a) del Código Penal de Puerto Rico de 2012 (Código Penal),[3] así como por los delitos de los Artículos 6.05 y 6.14 de la Ley de Armas de Puerto Rico de 2020 (Ley de Armas).[4] A tenor, lo condenó a las penas de: noventa y nueve (99) años; veinte (20) años, y diez (10) años, naturales de cárcel, a cumplirse de manera consecutiva.

---

[1] Mediante Orden Administrativa OATA-2026-044 del 4 de mayo de 2026, se designó a la Hon. Eileen J. Barresi Ramos para entender y votar en el caso de epígrafe en sustitución de la Hon. Laura Ivette Ortiz Flores, por esta haber dejado de ejercer funciones como Jueza del Tribunal de Apelaciones.

[2] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1, Apéndice 2.

[3] Ley Núm. 146-2012, 33 LPRA sec. 5142.

[4] Ley Núm. 168-2019, 25 LPRA secs. 466d y 466m.

Igualmente, le impuso el pago de arancel de la pena especial, el cual debía de abonarse de manera preventiva.

Por los fundamentos que expondremos, se *desestima* el recurso instado.

I

Por hechos acaecidos, el 4 de octubre de 2024, se presentaron tres (3) denuncias en contra del apelante,[5] en las cuales se le imputó haber infringido los Artículos 6.05 y 6.14 de la Ley de Armas,[6] y el Artículo 93 (a) del Código Penal.[7] Los referidos artículos tipifican los delitos de apuntar y disparar un arma de fuego, portar, transportar o usar un arma de fuego, y asesinato en primer grado. Luego, se determinó causa probable para arresto para cada uno de los delitos imputados.[8] Lo anterior fue confirmado mediante *Vista preliminar*.[9]

Tras varias instancias procesales innecesarias de pormenorizar, las cuales incluyeron, pero no se limitaron a la lectura de acusación,[10] así como la desinsaculación y certificación de los miembros del jurado,[11] se celebró juicio por jurado, el cual perduró por varios días, siendo el primer día de juicio el 29 de septiembre de 2025,[12] y el último día de juicio 24 de octubre de 2025.[13] Durante el referido juicio, el Ministerio Público presentó tanto prueba documental como testimonial.

Culminado el desfile de prueba, el 24 de octubre de 2025, el jurado emitió su veredicto, declarando al apelante culpable, de manera unánime, de cometer los delitos imputados.[14] A tenor, el juzgador de instancia emitió las sentencias.[15]

---

[5] SUMAC TA, a la Entrada Núm. 1, Apéndice 1.
[6] Ley Núm. 168-2019, 25 LPRA secs. 466d y 466m.
[7] Ley Núm. 146-2012, 33 LPRA sec. 5142.
[8] Autos originales del alfanumérico J VI2024G0020.
[9] *Íd.*
[10] *Íd.*
[11] *Íd.*
[12] *Íd.*
[13] *Íd.*
[14] *Íd.*
[15] SUMAC TA, a la Entrada Núm. 1, Apéndice 2.

En la *primera,* declaró al apelante culpable por el delito del Artículo 93 (a) del Código Penal y lo condenó a una pena de noventa y nueve (99) años naturales de cárcel a cumplirse consecutivos con los casos J LA2024G0236 y J LA2024G0237. En la *segunda,* declaró al apelante culpable por el delito del Artículo 6.05 de la Ley de Armas y lo condenó a una pena de veinte (20) años naturales de cárcel, a cumplirse consecutivos con los casos J VI2024G0020 y J LA2024G0237. Por último, en la *tercera,* declaró al apelante culpable por el delito del Artículo 6.14 (a) de la Ley de Armas y lo condenó a una pena de diez (10) años naturales de cárcel, a cumplirse consecutivos con los casos J VI2024G0020 y J LA2024G0236. En las tres (3) sentencias le impuso al apelante el pago del arancel de la pena especial el cual debía de abonar de manera preventiva.

En desacuerdo con el curso decisorio, el 12 de enero de 2025, el apelante acudió a esta Curia mediante el presente recurso, en el cual esbozó el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia (Jurado) al emitir un fallo de culpabilidad por delitos que no fueron probados más allá de duda razonable.

Según se desprende de los autos, mediante *Resolución,* emitida el 20 de enero de 2026, concedimos al apelante, hasta el 27 de enero de 2026, para que acreditara que contaba con la regrabación de los procedimientos judiciales ante el foro primario o que hubiese solicitado la misma. Además, del apelante informar que contaba con la regrabación, le concedimos un término de treinta (30) días, contados a partir de la entrega de la regrabación de los procedimientos, para presentar la transcripción de la prueba oral (transcripción), así como que concedimos al Procurador General un término de diez (10) días, contados a partir de la presentación de la transcripción, para informar sus objeciones o estipular la misma.

Por otro lado, concedimos al apelante un plazo de treinta (30) días, contados a partir de que se acogiese la transcripción, para presentar su alegato, así como dispusimos que, una vez presentado el mismo, el Procurador General contaría con un término de treinta (30) días para presentar su alegato en oposición.

Pasado el término concedido, el apelante no cumplió. En consideración a lo anterior, el 2 de febrero de 2026, emitimos una *Resolución* mediante la cual le concedimos hasta el 5 de febrero de 2026, para cumplir con lo anterior. No obstante, el apelante tampoco cumplió con este dictamen.

En vista de lo anterior, el 6 de febrero de 2026, emitimos una *Resolución* mediante la cual le concedimos al apelante hasta el 9 de febrero de 2026, a las 2:00 p.m., para que mostrara causa por la cual no debíamos desestimar el recurso incoado y demostrar haber cumplido con nuestra *Resolución* del 20 de enero de 2026. Así, pues, el 9 de febrero de 2026, a las 9:40 p.m., el apelante presentó una *Moción informativa* en la cual esbozó sin más, que contaba con la grabación de los procedimientos.

En respuesta, el 10 de febrero de 2026, emitimos una *Resolución* en la cual, tomando en consideración lo informado, le concedimos hasta el 9 de marzo de 2026, para presentar la transcripción de la prueba oral.

El 9 de marzo de 2026, a las 5:32 p.m., el apelante presentó una *Urgentísima solicitud de término adicional*, en la cual solicitó que se extendiera el término concedido para presentar la transcripción. Lo anterior, aduciendo que luego de hacer ciertas diligencias para conseguir un taquígrafo que se ajustara a las necesidades del apelante, lograron contestación de una taquígrafa y esta persona solicitaba un término adicional de sesenta (60) días para presentar la transcripción de la prueba oral.

En respuesta, mediante *Resolución* emitida el 10 de marzo de 2026, luego de reseñar el tracto procesal del caso ante nos, así como de señalar los varios incumplimientos del apelante para con el Reglamento y nuestras órdenes, dispusimos conceder al apelante un término final e improrrogable hasta el 9 de abril de 2026, a las 3:00 p.m., para presentar la transcripción. Quedó advertido que su incumplimiento acarrearía la desestimación del recurso.

En cumplimiento con lo ordenado, el 9 de abril de 2026, el apelante presentó la transcripción.

Examinada la misma, mediante *Resolución* emitida el mismo 9 de abril, y dado a que la transcripción no cumplía con la Regla 76 (C) de nuestro Reglamento, le ordenamos a presentar la misma nuevamente. Lo anterior, en cumplimiento con la precitada regla. Se le apercibió que las páginas debían quedar enumeradas de forma consecutiva e independientemente al número de página que posteriormente asignara el SUMAC. Quedó advertido que el incumplimiento acarrearía la desestimación de este recurso.

Días más tarde, el 13 de abril de 2026, el apelante presentó *Escrito en cumplimiento de orden* al cual anejó la transcripción.

Subsiguientemente, mediante *Resolución* emitida el 14 de abril de 2026, concedimos al Procurador General un término de diez (10) días para presentar sus objeciones o estipular la transcripción.

El 21 de abril de 2026, el Procurador General compareció mediante *Solicitud de extensión de término*, para cumplir con nuestra *Resolución* del 14 de abril de 2026. En respuesta, mediante *Resolución* emitida en igual fecha, le concedimos hasta el 28 de abril de 2026, para cumplir con lo ordenado.

En cumplimiento, el 28 de abril de 2026, compareció el Procurador General mediante *Moción para notificar objeciones a la transcripción de la prueba oral*. Presentó sus objeciones a la transcripción y solicitó que se le ordenara al apelante a incorporar

las enmiendas propuestas a los fines de estar en posición de estipular la misma.

En respuesta, mediante *Resolución* emitida el 28 de abril de 2026, concedimos al apelante hasta el 1 de mayo de 2026, para incorporar las correcciones a la transcripción con la finalidad de dar por estipulada la misma. Quedó advertido que, de no cumplir, el Tribunal acogería la transcripción como estipulada con las enmiendas presentadas por el Procurador General. Por otro lado, ordenamos al apelante a presentar su alegato y se le concedió hasta el 29 de mayo de 2026.

Así las cosas, el 30 de abril de 2026, compareció el Procurador General mediante *Urgente solicitud de remedio*. Esbozó que tras múltiples gestiones procesales y la presentación de dos (2) versiones de la transcripción, esta fue revisada y, a tenor, presentaron correcciones, así como que identificaron diversas deficiencias y la omisión de testimonios esenciales.

Puntualizó que, entre las deficiencias, notaron la omisión total o parcial de testimonios relevantes, errores en la organización cronológica, falta de numeración de las líneas y la certificación de la taquígrafa sobre la transcripción de los testimonios ajenos al caso de autos. Solicitó que se ordenara la corrección de la transcripción mediante la incorporación de las enmiendas propuestas y se incluyeran los testimonios omitidos o, en la alternativa, que se entendieran por renunciados todos los planteamientos relacionados a los testimonios que no fueron incluidos en la transcripción.

De ahí, el 5 de mayo de 2026, emitimos una *Resolución.* Mediante esta, expresamos que el apelante incumplió con nuestra *Resolución* del 28 de abril de 2026. Por otro lado, expusimos que a la fecha en que se emitía nuestra *Resolución,* tampoco había cumplido. Dispusimos que, tomando en consideración el incumplimiento del apelante y a lo expuesto por el Procurador

General, tanto en su escrito presentado en el SUMAC TA, a la Entrada Núm. 20, así como el escrito presentado el 30 de abril de 2026, acogimos la transcripción presentada en el SUMAC TA, a la Entrada Núm. 15, Anejos 1 y 2, como estipulada, con las correcciones propuestas por el Procurador General en su escrito presentado en el SUMAC TA, a la Entrada Núm. 20, Anejo 1. Puntualizamos que, tomando en consideración los incumplimientos del apelante, se entendían como renunciados los planteamientos relacionados a los testimonios que no fueron incluidos en la transcripción, según informado en el SUMAC TA, a la Entrada Núm. 20, Anejo 1.

Por otro lado, ordenamos al apelante a cumplir con nuestra *Resolución* del 28 de abril de 2026, mediante la cual le ordenamos presentar el alegato del apelante en o antes del 29 de mayo de 2026. Le apercibimos que su incumplimiento acarrearía la desestimación del recurso.

El 19 de mayo de 2026, la parte apelante incoó una *Solicitud de prórroga*. En su pliego, la representación legal del apelante esbozó que era *solo practitioner* y que se había estado preparando para cumplir con lo ordenado, pero que necesitaba un término adicional para así hacerlo. Acotó que su solicitud se hacía de buena fe sin el ánimo de dilatar los procesos y dar fiel cumplimiento a las Reglas de Conducta Profesional.

En respuesta, mediante *Resolución* del 20 de mayo de 2026, dispusimos concederle un término adicional a vencer el 9 de junio de 2026, para presentar el alegato del apelante.

De los autos surge que el apelante incumplió con lo dispuesto en nuestra *Resolución* del 20 de mayo de 2026, aún con el término adicional concedido para ello. En sustitución del cumplimiento requerido, el 9 de junio de 2026, la representación legal del apelante, presentó una *Moción en solicitud de relevo de representación legal.*

Adujo que, a pesar de sus gestiones, la taquígrafa nunca se comunicó ni corrigió los errores relacionados a la transcripción, según fue requerido por este Tribunal. De igual forma, arguyó que su representado, así como su familia, hicieron caso omiso a lo ordenado sobre correcciones a la transcripción, según ordenado por el Tribunal. Esbozó que, al leer la transcripción le fue imposible redactar una apelación que cumpliese con los parámetros requeridos. Arguyó que, debido a la inacción de su representado en contratar una taquígrafa eficiente y responsable, se colocó en una posición de indefensión a la hora de redactar el escrito, por lo que había un conflicto de interés. En mérito de lo anterior, peticionó que se le relevara de la representación legal del apelante.

Recibido y revisado el escrito, observamos que el representante legal no acreditó haber notificado su solicitud al apelante, ni del escrito se desprendió que este asunto hubiese sido discutido con su representado. A tenor, mediante *Resolución* emitida el 9 de junio de 2026, le ordenamos a la representación legal del apelante a acreditar haber notificado su solicitud a su representado.

De igual forma, se le requirió informarnos la dirección del apelante, de forma tal que este Tribunal pudiese enviarle notificaciones, puesto a que la correspondencia a dicha parte estaba llegando devuelta.

El 11 de junio de 2026, el representante legal del apelante instó una *Moción acreditando notificación*. Informó haber notificado el escrito al apelante, así como su dirección y solicitó se diera por cumplida la orden.

Evaluado el escrito presentado por la representación legal del apelante, así como la totalidad del expediente ante nuestra consideración y el asunto pendiente, mediante *Resolución* emitida el 12 de junio de 2026, resolvimos declarar *No Ha Lugar* la solicitud de relevo de representación legal. Por otro lado, le concedimos al

apelante un término final e improrrogable hasta el 15 de junio de 2026, para presentar el alegato del apelante. Nuevamente, se le advirtió de manera final, que, de no cumplirse con lo aquí ordenado, se desestimaría el recurso incoado. Además, ordenamos a la Secretaría a notificar esta *Resolución* a los abogados, y al señor Julio Enrique Irizarry Padilla a la dirección informada por su representante legal: Institución Máxima Seguridad, PO Box 3699 By Pass Ponce, Ponce, Puerto Rico 00728-1500.

Siguiendo igual curso de acción, el apelante no cumplió con nuestra *Resolución* del 12 de junio de 2026. Nuevamente, en sustitución de lo ordenado, el 15 de junio de 2026, la representación legal del apelante instó una *Reconsideración*, la cual, mediante *Resolución* emitida el 16 de junio de 2026, resolvimos declararla *No Ha Lugar*. Conviene puntualizar que en dicha *Resolución* dispusimos conceder al apelante una última oportunidad para que presentara el alegato, para lo cual se le otorgó hasta esa misma fecha, a las 5:00 p.m. Quedó apercibido que decursado el término provisto este Tribunal dispondría.

El 16 de junio de 2026, compareció el apelante para solicitar nuevamente el relevo de la representación legal. Sobre este particular, remitimos al apelante a la *Resolución* emitida hoy 30 de junio de 2026.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.[16] Dado a lo anterior, relevamos al Procurador General de presentar escrito ulterior.

---

[16] Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 15, 216 DPR __ (2025).

II

## A. La Apelación en Casos Criminales

Sabido es que, en nuestra jurisdicción, toda persona acusada tiene derecho a apelar cualquier sentencia penal que recaiga en su contra.[17] Aunque el derecho a apelación no se encuentra en nuestra Carta de Derechos, nuestro Tribunal Supremo ha puntualizado que la apelación es un privilegio estatutario de carácter cuasi constitucional.[18] En consideración a lo anterior, los tribunales apelativos deben velar que al convicto no se le prive de sus derechos de manera arbitraria, irrazonable o discriminatoria, y que no se cometan violaciones a las garantías constitucionales del debido proceso de ley e igual protección de las leyes.[19] Ahora bien, para que surja el deber de esta Curia, de atender y resolver en los méritos un recurso de apelación criminal, este Tribunal debe adquirir jurisdicción y el apelante debe cumplir con los requisitos para su perfeccionamiento.[20] Cumplidos los mencionados requerimientos, estaremos facultados para considerar cualquier error de derecho cometido por el tribunal de instancia y para evaluar asuntos combinados de hecho y derecho.[21]

El trámite procesal de un recurso de apelación criminal desde el Tribunal de Primera Instancia, pasando por este Tribunal intermedio, y hasta el Tribunal Supremo, se rige por las Reglas 193 a la 217 de Procedimiento Criminal.[22] Además, las Reglas 23 a la 30.1 del Reglamento de este Tribunal rigen el trámite a seguir desde la presentación del recurso de apelación criminal hasta su perfeccionamiento.[23] En lo pertinente, la Regla 23(A) de nuestro

---

[17] *Pueblo v. Torres Medina*, 211 DPR 950, 959 (2023).
[18] *Pueblo v. Rivera Ortiz*, 209 DPR 402, 419 (2022); *Pueblo v. Serbia* 78 DPR 788, 791-792 (1955).
[19] *Pueblo v. Rivera Ortiz*, supra, a las págs. 419-420; *Pueblo v. Esquilín Díaz*, 146 DPR 808, 816 (1998).
[20] *Pueblo v. Colón Canales*, 152 DPR 284, 291 (2000).
[21] *Pueblo v. Rivera Ortiz*, supra, a la pág. 422.
[22] 34 LPRA Ap. II.
[23] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 39-49.

Reglamento dispone que un escrito de apelación criminal contra una sentencia emitida por el tribunal de instancia tiene que ser presentado ante el Tribunal de Apelaciones, dentro del término jurisdiccional de treinta (30) días, computados a partir de la fecha en que se dictó la sentencia.[24] Como es sabido, un plazo jurisdiccional es de carácter fatal. Esto quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[25]

Por otra parte, precisa resaltar que cuando se estime que para resolver una apelación es necesario que esta Curia considere alguna porción de la prueba oral presentada ante el foro primario, la parte apelante deberá radicar una moción dentro de los diez (10) días siguientes a la radicación del recurso, en la cual acredite el método de reproducción de la prueba que ha de utilizar y los motivos por los cuales ese método es el más apropiado.[26] Con respecto a la reproducción de la prueba oral mediante transcripción, la Regla 29(A) dispone que se hará conforme a la Regla 76 del mismo reglamento.[27] Cabe destacar que, la Regla 76(C) dispone de un término de treinta (30) días, contados a partir de la entrega de la regrabación, para que la parte apelante presente la transcripción de la prueba oral, salvo que esta Curia disponga otra cosa.[28]

Por su parte, la Regla 83(C) del Reglamento del Tribunal de Apelaciones faculta a este Foro Apelativo para que, a iniciativa propia, pueda desestimar un recurso, por los motivos consignados en el inciso (B) de la referida Regla.[29] La Regla 83(B)(3) permite

---

[24] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 39.
[25] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268-269 (2018); *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).
[26] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 47.
[27] *Íd.*
[28] *Íd.*, a la pág. 105.
[29] *Íd.,* a la pág. 117.

desestimar un recurso porque no se haya proseguido con diligencia.[30]

### III

El presente recurso versa sobre una apelación de tres (3) sentencias criminales emitidas contra el apelante. Superados varios incumplimientos con las *Resoluciones* emitidas durante los inicios del trámite en el presente recurso, el apelante presentó la transcripción de la prueba oral. Presentada la misma y luego de revisarla, quedó revelado que la misma adolecía de serias deficiencias e incumplimientos con nuestro Reglamento. Fue entonces cuando *motu proprio* dispusimos concederle la oportunidad al apelante para enmendar lo actuado. Fue a partir de este momento que se desencadenó la secuencia de eventos que nos conduce a la determinación que hoy emitimos. Elaboramos.

Emitida la orden para enmendar lo actuado el apelante presentó una segunda transcripción, la cual fue objeto de serios señalamientos y objeciones por parte del Procurador General. Por ello, dispusimos, conceder una oportunidad al apelante para que, nuevamente, realizara los cambios pertinentes, de forma tal que la transcripción pudiese aceptarse como estipulada.

Ya en esa ocasión, mediante *Resolución* del 28 de abril de 2026, habíamos pronunciado una advertencia al apelante y fue que, de no cumplir, el Tribunal, acogería la transcripción como estipulada con las enmiendas propuestas por el Procurador. Por otro lado, en igual fecha, le concedimos al apelante hasta el 29 de mayo de 2026, para presentar su alegato. Fue en ese espacio temporal que se suscitaron otras incidencias procesales que merecen ser reseñadas.

---

[30] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 117.

En *primer* lugar, habiendo decursado el término provisto para corregir las deficiencias señaladas por el Procurador General, el apelante no cumplió. En consecuencia, el 5 de mayo de 2026, emitimos una *Resolución* mediante la cual, tal cual lo advertido, dispusimos acoger la transcripción presentada en el SUMAC TA, a la Entrada Núm. 15, Anejos 1 y 2, como estipulada, con las correcciones propuestas por el Procurador General en su escrito presentado en el SUMAC TA, a la Entrada Núm. 20, Anejo 1. Además, tomando en consideración los incumplimientos del apelante y según lo informado y solicitado por el Procurador General, se entendían como renunciados los planteamientos relacionados a los testimonios que no fueron incluidos en la transcripción. Además, le recordamos al apelante que debía presentar su alegato en la fecha ordenada y le apercibimos que, de incumplir, el recurso sería desestimado.

En *segundo* lugar, llegada la fecha en que se debía presentar el alegato, el apelante procedió a presentar una prórroga en la cual esbozó que se estaba preparando para cumplir con lo ordenado, pero necesitaba un término adicional para cumplir, lo anterior por ser *solo practitioner*. Fue entonces, cuando dispusimos concederle hasta el 9 de junio de 2026, para presentar el alegato del apelante. El apelante no cumplió.

Visto lo anterior, y, en *tercer* lugar, en vez de cumplir con los requerimientos establecidos en nuestras múltiples *Resoluciones*, el 9 de junio de 2026, día en que vencía el término adicional concedido para presentar el alegato, el apelante optó por presentar una solicitud de relevo de representación legal. Adujo **por primera vez** en todo el trámite apelativo haber tenido unos conflictos con el apelante y su familia, dado a la persona que estos últimos decidieron contratar para realizar la transcripción. Entiéndase, esbozó que asuntos que alegadamente le ocasionaron el conflicto comenzaron

desde la contratación de la persona que transcribió la prueba oral. Abonó que, posteriormente, a pesar de que alegadamente realizó diligencias para que se corrigiera la misma, dichas gestiones fueron infructuosas dado a que el apelante y su familia hicieron caso omiso. Esbozó, en síntesis, que lo anterior le impedía presentar un alegato adecuado. No acreditó haber notificado el escrito presentado al apelante.

Posteriormente, y luego de ordenar a la representación legal del apelante, notificar la solicitud a su representado e informarnos su dirección, dispusimos no relevarlo de la representación legal, pero le concedimos un nuevo término final para presentar el alegato, el cual vencía el 15 de junio de 2026.

En *cuarto* lugar, en la fecha de vencimiento del nuevo término para presentar el alegato, siguiendo igual curso de acción, el apelante, por conducto de su representante legal, en lugar de cumplir con lo ordenado, procedió a presentar una solicitud de reconsideración, la cual fue denegada mediante *Resolución* del 16 de junio de 2026.

Mediante la antedicha *Resolución*, tomando en consideración todos los términos adicionales otorgados al apelante para cumplir con nuestra *Resolución* del 28 de abril de 2026, le concedimos hasta esa misma fecha una última oportunidad para presentar el alegato y de no cumplir, este Tribunal procedería a disponer del caso. El apelante no cumplió.

Finalmente, y, en *quinto* lugar, el 16 de junio de 2026, la representación legal del apelante, optó por presentar una segunda solicitud sobre relevo de representación legal, en la cual, nuevamente, alegó tener conflicto de interés con el apelante, según se había informado en las dos (2) solicitudes previas, las cuales ya habían sido denegadas.

Respecto a este último petitorio, le requerimos a la representación legal del apelante a revisar nuestra *Resolución* emitida hoy 30 de junio de 2026, mediante la cual dispusimos que no había nada que proveer.

Sabido es que el Alto Foro ha dispuesto que la apelación es un privilegio estatutario de carácter cuasi constitucional.[31] En consideración a lo anterior, los tribunales apelativos deben velar que al convicto no se le prive de sus derechos de manera arbitraria, irrazonable o discriminatoria, y que no se cometan violaciones a las garantías constitucionales del debido proceso de ley e igual protección de las leyes.[32] Ahora bien, para que surja el deber de esta Curia, de atender y resolver en los méritos un recurso de apelación criminal, este Tribunal debe adquirir jurisdicción y el apelante debe cumplir con los requisitos para su perfeccionamiento.[33]

Cuando se cumplen los mencionados requerimientos es que esta Curia está facultada para considerar cualquier error de derecho cometido por el tribunal de instancia y para evaluar asuntos combinados de hecho y derecho.[34] Cónsono a lo anterior, el trámite procesal en un recurso de apelación criminal se encuentra regulado por las Reglas 193 a la 217 de Procedimiento Criminal.[35] Por otro lado, las Reglas 23 a la 30.1 del Reglamento de este Tribunal rigen el trámite a seguir desde la presentación del recurso de apelación criminal hasta su perfeccionamiento.[36]

Por otro lado, en lo relativo a la presentación de una apelación criminal, la parte apelante, en el término jurisdiccional de treinta (30) días, computados a partir de la fecha en que se dictó la

---

[31] *Pueblo v. Rivera Ortiz*, 209 DPR 402, 419 (2022); *Pueblo v. Serbia* 78 DPR 788, 791-792 (1955).

[32] *Pueblo v. Rivera Ortiz*, supra, a las págs. 419-420; *Pueblo v. Esquilín Díaz*, 146 DPR 808, 816 (1998).

[33] *Pueblo v. Colón Canales*, 152 DPR 284, 291 (2000).

[34] *Pueblo v. Rivera Ortiz*, supra, a la pág. 422.

[35] 34 LPRA Ap. II.

[36] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 39-48.

sentencia, debe interponer su recurso de apelación. Luego, si se estima necesario para que esta Curia pueda resolver el recurso, es necesario se considere alguna porción de la prueba oral presentada en el foro de instancia, la parte apelante tiene el deber dentro de los diez (10) días siguientes a la radicación del recurso, acreditar el método de reproducción de la prueba que ha de utilizar y los motivos por los cuales ese método es el más apropiado.[37] Con respecto a la reproducción de la prueba oral mediante transcripción, la Regla 29(A) dispone que se hará conforme a la Regla 76 del mismo reglamento.[38] Cabe destacar que, la Regla 76(C) dispone de un término de treinta (30) días, contados a partir de la entrega de la regrabación, para que la parte apelante presente la transcripción de la prueba oral, salvo que esta Curia disponga otra cosa.[39]

A la luz de todo lo anterior, y repasadas las incidencias procesales relacionadas al trámite apelativo, han quedado establecidos los múltiples incumplimientos del apelante con el mismo. Del expediente judicial ante nuestra consideración es claro que, desde la presentación del recurso, esta Curia ha emitido múltiples *Resoluciones* encaminadas a lograr que el apelante cumpliera con las disposiciones del Reglamento de este Tribunal, a los fines de que el recurso quedara perfeccionado conforme a derecho.

Ciertamente, en el presente caso, allá, para el 1 de febrero de 2026, el apelante, quien contaba con dos (2) representantes legales de la práctica privada, intimó a esta Curia que aun con lo anterior, se le proveyera el servicio de transcripción gratuita a través de los funcionarios de este Tribunal de Apelaciones, aduciendo sin más, que los familiares del apelante alegadamente no contaban con los

---

[37] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 47.
[38] *Íd.*
[39] *Íd.*, a las págs. 105-106.

medios para hacerlo. No obstante, según reza el expediente ante nos, evaluada la misma, mediante *Resolución* emitida el 2 de febrero de 2026, dispusimos declararla *No Ha Lugar*.

Con lo anterior en mente, es de ver que el apelante contrató a la persona que realizaría la transcripción, asunto que fue informado por su representante legal. Así las cosas, se presentó la transcripción, y luego, a requerimiento nuestro una segunda versión de la transcripción, dado a las claras deficiencias encontradas. Presentada esa segunda versión, fue el Procurador General quien llamó a la atención de este Tribunal las nuevas deficiencias encontradas, lo que movió a esta Curia a ordenar al apelante a corregirlas.

Sin embargo, el apelante nunca cumplió con lo ordenado, en términos de subsanar las deficiencias en la transcripción, pero peor aún, nunca solicitó remedio alguno en dicho espacio temporal. **Pasados casi dos (2) meses de esos eventos narrados por el apelante** es que este, por conducto de su representante legal y a un (1) mes luego de haber solicitado término adicional para presentar el alegato, el día en que vencía el término adicional para presentar el alegato, se esgrimió **por primera** vez los asuntos alegadamente acaecidos con la persona que realizó la transcripción y con los familiares del apelante y, que al momento de redactar el alegato esbozó, le provocaban un conflicto, por lo que solicitaba el relevo de la representación legal.

Revisado la totalidad de los autos en este caso, concluimos que el expediente judicial evidencia una ausencia total de atención al asunto que planteó como motivo para solicitar el relevo de la representación legal, señalamientos que ya fueron atendidos. Colegimos que la historia procesal del caso no justifica los incumplimientos incurridos por el apelante.

Abona a lo anterior que, a esta fecha, el apelante tampoco presentó su alegato ni en el término provisto, ni en el término adicional, ni aún con las oportunidades adicionales concedidas *motu proprio* por este Tribunal. A tenor, el caso nunca quedó perfeccionado.

De acuerdo con nuestro marco jurídico, la Regla 83(C) del Reglamento del Tribunal de Apelaciones faculta a este Foro Apelativo para que, a iniciativa propia, pueda desestimar un recurso, por los motivos consignados en el inciso (B) de la referida Regla.[40] La Regla 83(B)(3) permite desestimar un recurso porque no se haya proseguido con diligencia.[41]

Finalmente, es menester reiterar que el petitorio del apelante para relevar a su representante legal no nos resultó convincente y como tal, según expresamos, dispusimos no concederlo, máxime, cuando nunca se plantearon oportunamente, los supuestos conflictos al contratar a la persona que preparó la transcripción, ni al presentar las dos versiones de la misma. Menos aún, existe evidencia en el expediente judicial de las alegadas gestiones para cumplir con lo solicitado por el Procurador General y los múltiples requerimientos de este Tribunal. Tales razones surgieron únicamente después de haber incumplido reiteradamente con los términos concedidos por este Tribunal. Tampoco nos convenció el argumento de los alegados conflictos con los familiares del apelante. En vista de que el apelante no actuó con diligencia oportuna y pretendió justificar de forma extemporánea una situación generada por él mismo, al amparo de la Regla 83(B) de nuestro Reglamento, procede la desestimación del recurso.[42]

---

[40] *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 117.
[41] *Íd.*
[42] *Íd.,* a las págs. 116-117.

En mérito de todo lo antes expuesto, nos es forzoso concluir que procede la desestimación en el recurso incoado.

IV

Por los fundamentos que anteceden, se *desestima* el recurso de apelación.

Notifíquese esta *Sentencia* a los abogados y al apelante a la dirección que obra en los autos, según informada por su representante legal.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Barresi Ramos concurre sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones